IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES, | Nos. C 12-5367 JSW (PR) |
| | C 12-6243 JSW (PR) |
| | C 12-6244 JSW (PR) |
| Plaintiff, | C 12-6245 JSW (PR) |
| | C 12-6246 JSW (PR) |
| | C 12-6247 JSW (PR) |
| v. | C 12-6248 JSW (PR) |
| | C 12-6249 JSW (PR) |
| | C 12-6278 JSW (PR) |
| PRISONER LEGAL SERVICES, et al., | |
| | **ORDER OF DISMISSAL** |
| Defendants. | |

Plaintiff, an inmate in the San Francisco County Jail and frequent litigator in this Court, has recently filed the nine pro se civil rights cases listed above. On May 18, 2000, this Court informed Plaintiff that under the "three-strikes" provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed *in forma pauperis* in federal court with civil actions filed while he is incarcerated. *See Grimes v. Oakland Police Dept.*, C 00-1100 CW (Order Dismissing Complaint, 5/18/00). Since then, Plaintiff has continued to file hundreds of civil actions seeking *in forma pauperis* status. With respect to each action filed, the Court conducts a preliminary review to assess the nature of the allegations and to determine whether Plaintiff alleges facts which bring him within the "imminent danger of serious physical injury" exception to § 1915(g). In the past, Plaintiff has routinely been granted leave to amend to pay the full filing fee and to state

cognizable claims for relief, but he has habitually failed to do so. For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of approximately thirty-six actions under § 1915(g).

In accord with this ongoing practice, the Court has reviewed the allegations in the present actions and finds that Plaintiff alleges no facts which bring him within the "imminent danger" clause. Succinctly put, these actions challenge the validity of the arrest and criminal charges which led to his current incarceration. As has been explained to Plaintiff countless times, such claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) (state prisoner's § 1983 complaint for damages which implies invalidity of conviction or sentence must be dismissed unless plaintiff demonstrates conviction or sentence has already been invalidated). Therefore, it would be futile to grant Plaintiff leave to amend. And even if Plaintiff did amend, he would be required to pay the $350.00 filing fee, which he has never done.

Accordingly, these cases are DISMISSED without prejudice under § 1915(g). The applications to proceed *in forma pauperis* are DENIED. No fee is due. If Plaintiff is so inclined, he may bring his claims in a new action accompanied by the $350.00 filing fee. In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks *in forma pauperis* status.

The Clerk of the Court shall close the files and terminate all pending motions in the cases listed in the caption of this order.

IT IS SO ORDERED.

DATED: December 14, 2012

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEROME GRIMES,

    Plaintiff,

  v.

PRISONER LEGAL SERVICES et al,

    Defendant.

Case Number: C 12-5367 JSW (PR)
C 12-6243 JSW (PR)
C 12-6244 JSW (PR)
C 12-6245 JSW (PR)
C 12-6246 JSW (PR)
C 12-6247 JSW (PR)
C 12-6248 JSW (PR)
C 12-6249 JSW (PR)
C 12-6278 JSW (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 19, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerome L. Grimes
#12675072
1 Moreland Drive
San Bruno, CA 94066

Dated: December 19, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk